IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

In re:                                    §
                                          §
JOHN BERNARD WILLIAMS, III;               §
LIZARLIN WILLIAMS,                        §
                                          §        5:24-CV-01032-XR
         *Debtors/Appellants*,            §
                                          §
                                          §
                                          §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns John Bernard Williams, III's Motion to Proceed *in Forma Pauperis*. *See* Dkt. No. 13. This motion has been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Text Order dated February 3, 2025. Authority to enter this order stems from 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Williams' Motion, Dkt. No. 13, is **MOOT**. Appellants should be directed to either pay the full filing fee and costs or face dismissal of their appeal for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b).

**Factual and Procedural Background**

Appellant John Bernard Williams, III and Appellant Lizarlin Williams filed their Chapter 13 bankruptcy case on June 21, 2024. *See* Dkt. No. 9-3 at 1. On September 4, 2024, the bankruptcy judge held a hearing and then summarily dismissed Appellants' bankruptcy case without prejudice to refiling. *Id.* at 13; *see* Dkt. No. 9-3 at 13. Appellants filed their Notice of Appeal on September 12, 2024, and, shortly thereafter, Appellant Lizarlin Williams filed an

application in the bankruptcy court to proceed IFP on appeal in this Court. Dkt. No. 9-3 at 13, 15. The bankruptcy judge denied IFP status on the record during a hearing held on October 29, 2024. *See* Dkt. No. 9-2 at 2 (memorializing oral order from hearing held on October 29, 2024). Appellant John Bernard Williams, III subsequently filed his IFP application in this Court. *See* Dkt. No. 13. The record of the bankruptcy proceedings, prepared for and designated by Appellants, does not include a transcript of the September 4 or October 29 hearings.

On April 8, 2025, the Court ordered Appellants to show cause whether they wished to continue this appeal and, if so, why their appeal is not frivolous and a waste of judicial resources under 28 U.S.C. § 1915(e). *See* Dkt. No. 14. The Court also indicated that, should Appellants fail to respond to the Court's Order or fail to show cause after indicating a desire to continue the appeal, the Court would recommend that the case be dismissed for failure to prosecute or comply with a Court order. Three advisories have been filed in the case since the Court's Order. *See* Dkt. Nos. 16, 17, & 20. The deadline set by the Court for Appellants to show cause has now passed. Appellants have not paid the filing fee as of the date of this Order.

None of the three joint advisories filed in this case after the Court's Order to Show Cause (1) explicitly affirm Appellants' desire to pursue this appeal or (2) demonstrate that this appeal is not frivolous. The Court construes Appellants' refusal to affirm their desire to pursue this appeal and refusal to show cause on frivolousness as an indication that Appellants do not wish to proceed *in forma pauperis*. **IT IS THEREFORE ORDERED** that Appellant John Bernard Williams, III's Motion to Proceed *in Forma Pauperis*, Dkt. No. 13, is **MOOT**.

**Conclusion and Recommendation**

For the reasons discussed above, Appellants should be directed to either pay the full filing fee and costs or face dismissal of their appeal for failure to prosecute or failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b).

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 13th day of June, 2025.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE