IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN BERNARD WILLIAMS, III, LIZARLIN WILLIAMS *Appellants* | § § § § § § § § § | SA-24-CV-1032 |
| -vs- | | |
| MARY K. VIEGELAHN *Appellee* | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed on June 13, 2025 (ECF No. 21), recommending that the Court dismiss this bankruptcy appeal for want of prosecution and mooting Appellants' motion to proceed in forma pauperis in this bankruptcy appeal. After careful consideration, the Court **ADOPTS** the Magistrate Judge's recommendation to dismiss this case.

## DISCUSSION

Appellant John Bernard Williams, III and Appellant Lizarlin Williams filed their Chapter 13 bankruptcy case on June 21, 2024. *See* ECF No. 9-3 at 1. On September 4, 2024, the bankruptcy judge held a hearing and then summarily dismissed Appellants' bankruptcy case without prejudice to refiling. *Id.* at 13; *see* ECF No. 9-3 at 13. Appellants filed their Notice of Appeal on September 12, 2024, and, shortly thereafter, Appellant Lizarlin Williams filed an application in the bankruptcy court to proceed IFP on appeal in this Court. ECF No. 9-3 at 13, 15. The bankruptcy judge denied IFP status on the record during a hearing held on October 29, 2024. *See* ECF No. 9-2 at 2 (memorializing oral order from hearing held on October 29, 2024). Appellant John Bernard Williams, III subsequently filed his IFP application in this Court. *See* ECF No. 13. The record of

the bankruptcy proceedings, prepared for and designated by Appellants, does not include a transcript of the September 4 or October 29 hearings.

On April 8, 2025, the Magistrate Judge ordered Appellants to show cause whether they wished to continue this appeal and, if so, why their appeal is not frivolous and a waste of judicial resources under 28 U.S.C. § 1915(e). *See* ECF No. 14 ("Show Cause Order"). The Magistrate Judge also stated that, should Appellants fail to respond to the Show Cause Order or fail to show cause after indicating a desire to continue the appeal, the Magistrate Judge would recommend that the case be dismissed for failure to prosecute or comply with a court order.

Three advisories have been filed in the case since the Show Cause Order was issued. *See* ECF Nos. 16, 17, 20. The response deadline expired without payment of the filing fee. Moreover, none of the three joint advisories (1) explicitly affirm Appellants' desire to pursue this appeal or (2) demonstrate that this appeal is not frivolous. The Magistrate Judge construed Appellants' refusal to affirm their desire to pursue this appeal and refusal to show cause on frivolousness as an indication that Appellants do not wish to proceed *in forma pauperis*. Thus, the Magistrate Judge recommended that Appellants "be directed to either pay the full filing fee and costs or face dismissal of their appeal for failure to prosecute or failure to comply with the orders of this Court." under FED. R. CIV. P. 41(b). ECF No. 21 at 4.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was mailed by certified mail on June 16, 2025, and received on June 23, 2025. ECF Nos. 22–25. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). A district court has discretion to dismiss a bankruptcy appeal if the appellant has failed to take steps to prosecute his appeal. *See Matter of Braniff Airways, Inc.*, 774 F.2d 1303, 1304–05 (5th Cir. 1985); *see also In re Hall*, 354 F. App'x 842, 843 (5th Cir. 2009) ("Because Hall has not identified any error in the decision denying IFP, he has not briefed the relevant issue, and his motion for leave to proceed IFP is denied. Additionally, because there is no error in the dismissal of Hall's appeal from the bankruptcy court on account of his failure to pay the filing fees, his appeal is dismissed as frivolous." (citations omitted)).

Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation, and Appellants' case is **DISMISSED.**

The Clerk is **DIRECTED** to **CLOSE** this case.

The Clerk is **FURTHER DIRECTED** to mail a copy of this Order to John Bernard Williams III at TDCJ# 024225623, W.F. Ramsey Unit, 1100 FM 655, Rosharon, TX 77583 and Lizarlin Williams at 7918 Hatchmere Ct., Converse, TX 78109.

It is so **ORDERED**.

**SIGNED** this 11th day of July, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE